IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZEVON McCARTER, #07079-017, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 11-0143-CB-C |
| JUSTIN FARMER, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This action is before the undersigned on Plaintiff's "MOTION REQUESTING RECUSAL OF JUDGE DUE TO PROBABILITY OF ACTUAL BASIS (sic)" (Doc. 20). The motion for recusal has been referred for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). After a careful review of the information provided in Plaintiff's motion and the Court's records that relate to this present civil action and the previous criminal action in which the Plaintiff was a defendant, it is determined that the motion is due to be DENIED.

Plaintiff does not refer to any actual bias on the part of the undersigned, thus he references the "probability" of actual bias. The factual basis for his conclusion that the Court harbors a bias against him or his cause of action is hard to discern from the body of his motion, except in two areas: first, that the undersigned presided over a portion of his criminal case and second, that he is concerned over what he considers to be an excessive delay by the undersigned in screening his *pro se* complaint pursuant to 28 U.S.C. § 1915A. Neither of these reasons, however, establishes a basis for the undersigned to withdraw from this action in which the Plaintiff is seeking damages from those Mobile, Alabama police officers that were involved in

1

his arrest and prosecution for theft of mail and possession of a firearm by a convicted felon. He has a fairly straight forward and common claim in that he alleges that these officers violated his Fourth and Fifth Amendment rights under the United States Constitution during his arrest and the search of his vehicle. The convictions obtained in that criminal case, by way of a guilty plea, have not been reversed on appeal or pursuant to a post-conviction motion and the defendant remains incarcerated.[1]

## DISCUSSION

"Two statutes govern recusal-28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir.2004) (citing *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir.1983)). According to the specific requirements of § 144, a magistrate judge must recuse if a party files "a timely and sufficient affidavit" complaining that the magistrate judge "has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144. Regardless of whether Petitioner has complied with the affidavit requirement,[2] the undersigned need not recuse under § 144 because Plaintiff does not assert that the undersigned has a personal bias or prejudice against Plaintiff or in favor of an adverse party.

Section 455(a) instructs a magistrate judge to disqualify himself if his "impartiality might reasonably be questioned," and § 455(b) requires disqualification under specific circumstances,

---

[1] During Plaintiff's criminal action, motions to suppress under the Fourth Amendment were filed by his attorney and an evidentiary hearing held by Chief Judge Steele. These motions became moot, however, once Plaintiff entered a guilty plea to both counts.

[2] Plaintiff's motion seeking recusal of the undersigned Magistrate Judge is not accompanied by a sworn statement or an unsworn declaration which is a failure to comply with 28 U.S.C. § 144. (Doc. 20).

none of which have been shown to apply here.[3] The relevant inquiry under § 455(a) is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Berger*, 375 F.3d at 1227 (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir.2003)). "To disqualify a judge under § 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.' " *Id*. (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir.1999)). "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Id*. (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir.2001)).

One theory Plaintiff advances to show that recusal is necessary is the theory that because the undersigned presided over a portion of Plaintiff's criminal case, the requisite impartiality to preside over the instant proceeding does not exist. Plaintiff does not cite, and the Court does not find, any authority for the proposition that a magistrate judge must recuse himself from a proceeding merely because he presided over a portion of Plaintiff's criminal case. See *Liteky v. United States*, 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."). Further, pursuant to the practices of this Court, Plaintiff civil action was assigned to the undersigned's docket by random assignment along with an assignment to the docket of Senior District Judge Charles R. Butler, Jr.

---

[3] Stated briefly, 28 U.S.C. § 455(b) requires a magistrate judge to disqualify himself where the judge or a member of the judge's family has a personal bias, has previously participated in the case, has an interest in the case, or will likely participate in the case. Petitioner does not allege, and the Court finds no evidence of record to suggest, that any of those scenarios exist in this case.

The second basis for recusal appears to be Plaintiff's concern that his case is not proceeding on his timetable. He presumes, without a citation, that the number of months that his *pro se* Complaint has been under review by the undersigned somehow establishes bias. The Court clearly has not intentionally refused to make a determination as to the legal sufficiency of Plaintiff's claims or treated his claims differently from other prisoner actions awaiting a ruling. In addition, the undersigned has not been able to discover any instances where a delay of the duration referenced in Plaintiff's motion has been interpreted as evidence of bias on the part of the judicial officer. Much akin to the doctrine that adverse rulings alone do not provide a basis for showing that a Court's impartiality is in doubt, the failure of a court to rule on a pending matter standing alone will not support a finding of bias.

Magistrate judges have as strong a duty to sit when there is no legitimate reason to recuse as they do to recuse when the law and facts require. *United States v. Malmsberry*, 222 F.Supp.2d 1345, 1349 (M.D.Fla.2002) (citing *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir.1994)). An unsubstantiated suggestion of personal bias or prejudice is insufficient to warrant recusal or disqualification. *Id*. at 1349 (internal citations omitted). Thus, magistrate judges are strongly encouraged not to recuse or disqualify themselves at the mere request of a party. In this case, the information submitted coupled with a thorough review of the record, does not support a finding that the impartiality of the undersigned might reasonably be questioned. Accordingly, Plaintiff's request for the undersigned to recuse himself is **DENIED**.

**DONE** and **ORDERED** this the 17th day of February, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**