IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZEVON McCARTER, #07079-017, | : |
|     Plaintiff, | : |
| vs. | :    CIVIL ACTION 11-0143-CB-C |
| JUSTIN FARMER, *et al.*, | : |
|     Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**I.  Amended Complaint (Doc. 15).**

The complaint before the Court is a superseding amended complaint.  (Docs. 15, 16). Plaintiff names eight City of Mobile police officers as defendants, namely, Justin Farmer, Jeffery Stone, Paul Prine, Robert Moore, Gerald Riviere, Michael Smith, James Sumerlin, and Jason Powers.  Plaintiff was arrested, and eventually pled guilty in this Court to mail theft, 18 U.S.C. § 1708, and to a felon-in-possession of a firearm, 18 U.S.C. § 922(g)(1).  *See United States. v.*

*McCarter,* CR 08-00387-WS-B (S.D. Ala. Sept. 28, 2009).[1]  Plaintiff did not appeal his convictions and sentences,[2] but he did file an untimely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the denial of which he is appealing.  *Id.* (Docs. 77, 96, 101, 102, 104).  Now plaintiff challenges his convictions via a § 1983 action.

The following is a description of plaintiff's allegations.  He was illegally arrested on December 3, 2008, by defendant Farmer at the house where he was residing[3] in Eight Mile, Alabama, which is outside of the Mobile Police Department's jurisdiction.[4]  (Doc. 15 at 4).  Plaintiff was told that he was being arrested based on information from a confidential informant who said that drugs were being sold from the house.  (*Id.*).  Plaintiff was arrested along with his co-defendant M'rhea Wilson.  (*Id.*).

Wilson and plaintiff were ordered to sit in plaintiff's yard by defendants Farmer, Stone, and Prine until defendants Riviere, Smith, Sumerlin, and Powers brought Brandi Smith to the scene from Mobile.  (*Id.* at 5).  Smith had given her consent to the officers to search her residence after they had accused her at her job at the Olive Garden of allowing drugs to be

---

[1] The Court is taking judicial notice of its records.  *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

[2] Subsequent to his sentencing, plaintiff's sentences of 60 months and 65 months were changed to correct a clerical error and to reflect that they were to be served concurrently.  (Doc. 73).

[3] Plaintiff indicates in another pleading in his criminal action that "he stayed overnight at the residence, which belonged to a friend."  Doc. 30, at 1-2; Doc. 77 at 40 (Plaintiff's § 2255 motion's attachment, defendant's reply to government's response to the motion to suppress – Doc. 30).

[4] Plaintiff repeatedly refers to his arrest as having occurred in Prichard County.  (Doc. 15 at 4).  Prichard is the name of a city in Mobile County, Alabama, and Eight Mile is a community within the city of Prichard.  *United States v. Johnson Lake, Inc.*, 312 F. Supp. 1376, 1378 (S.D. Ala. 1970) (Eight Mile is a community within the city of Prichard); *Leverett v. State,* 611 So.2d 481, 481 (Ala. Cim. App. 1992) (the city of Prichard is located in Mobile County).

distributed from her residence, which she denied. (*Id.*). Defendants Farmer, Stone, Prine, Riviere, Smith, Sumerlin, and Power illegally searched the house as it was outside the Mobile Police Department's jurisdiction. (*Id.* at 6). Defendant Moore joined in the search of the house with a dog. (*Id.*). Defendants Stone, Moore, and Prine found a backpack under the bed in the master bedroom, but defendant Stone did not find any drugs in the backpack. (*Id.*). Then, defendants Stone and Farmer told plaintiff that this time the confidential informant was wrong about drugs. (*Id.*).

In addition to searching the house, the officers wanted to search plaintiff's vehicle, but he refused to give his consent. (*Id.* at 5). Defendant Farmer called Florida to obtain permission from plaintiff's mother, the owner of the vehicle, but was unable to obtain permission. (*Id.*). Nonetheless, defendants Farmer, Stone, and Prine illegally searched plaintiff's vehicle knowing that they did not have permission, probable cause, or a warrant and that they were outside of their jurisdiction. (*Id.*). During the search, defendant Farmer found "two firearms wrapped in [an] object" and defendant Farmer found two envelopes containing 64 checks from businesses. (*Id.*). Plaintiff's vehicle was impounded and he was taken to Mobile County Metro Jail. (*Id.* at 6).

Plaintiff maintains that the officers violated his fourth amendment rights "when they unlawfully traveled outside of their jurisdiction and manufactured exigent circumstances to circumvent the warrant requirement" (*id.* at 7), searched and seized his vehicle (*id.*), seized him without a warrant (*id.*), and violated his fourth and fifth amendment rights when they arrested him, conducted a search, and seized evidence because they did not have probable cause. (*Id.*).

Plaintiff claims that defendant Prine made a false statement in his narrative when he said that he saw two envelopes fall from plaintiff's lap when plaintiff exited the vehicle. (*Id.*).

Defendant Farmer is accused of making a false statement in his narrative when he stated that he received an anonymous tip that drugs were being sold from the residence and he had seen plaintiff place firearms under the hood of the vehicle. (*Id.* at 8). Plaintiff maintains that they changed their narratives to justify the illegal arrest and search and seizure made outside of their jurisdiction. (*Id.* at 10). Plaintiff further complains that defendant Farmer arrested him on December 3, 2008 "for a firearm charge when he knew that he could only charge one person with both guns wrapped in one object." (*Id.* at 8).

On December 4, 2008, an arrest warrant was issued for plaintiff from the United States District Court for the Southern District of Alabama. (*Id.*). This caused defendants to travel outside of their jurisdiction to illegally arrest plaintiff and to illegally obtain evidence. (*Id.*). On December 17, 2008, plaintiff was "hunted down and multiple federal agent[s'] weapons [were] drawn [on him,] his mother and his cousin in Pensacola, Florida." (*Id.*). On December 30, 2008, plaintiff was indicted for a violation of 18 U.S.C. § 1708. (*Id.*). Then plaintiff was arraigned on February 4, 2009 on a superseding indictment which added a violation of 18 U.S.C. § 922(g). (*Id.* at 9). On September 16, 2009, plaintiff was sentenced by a federal judge to 125 months and was transferred to a federal penitentiary. (*Id.* at 9).

While at the penitentiary, plaintiff has received multiple stab wounds during two incidents, which resulted in him being treated at an outside hospital. (*Id.*). Plaintiff asserts that he would not have these injuries, but for the fact he was sentenced based on a warrantless arrest that was brought about when defendants Farmer, Stone, Prine, Riviere, Smith, Sumerlin, and Powers unlawfully traveled outside their jurisdiction to illegally arrest him. (*Id.*). For relief, plaintiff seeks compensatory and punitive damages and declaratory relief for violations of his Fourth, Fifth, and Fourteenth Amendment rights. (*Id.* at 11).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing the amended complaint (Doc. 15) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[5]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 566 U.S. 662, ___, 129 S.Ct. 1937,1948, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  The court will treat the factual allegations as true.  *Iqbal*, 566 U.S. at ___, 129 S.Ct. at 1949.  However, the court will not accept as true "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts," *Jackson v.*

---

[5]The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

*BellSouth Telecomms.,* 372 F.3d 1250, 1262 (11th Cir. 2004), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal,* 566 U.S. at __, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 566 U.S. 662.  Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.  Analysis.**

    **A.  Application of *Heck v. Humphrey*.**

Plaintiff is challenging his convictions for mail theft and for felon-in-possession of a firearm which he contends resulted from an illegal arrest, illegal search of a vehicle, and illegal seizure of evidence.  (Doc. 15 at 6-9).[6]  After careful review of plaintiff's allegations in this

---

[6] Plaintiff's allegations regarding the search of the house and it being unproductive do not indicate that plaintiff would have standing to pursue such a claim, and considering the manner in which the allegations are presented, it does not appear that plaintiff is pressing a claim for the search of the house.  *See Amidax Trading  Grp. v. S.W.I.F.T. SCRL,* ___F.3d. ___, 2011 WL 6317466, at *3 (2d Cir. 2011) (finding that the plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue").  That is, the plaintiff has not shown that he has "a reasonable expectation of privacy in a home that he does not own or rent."  *United States v. Campbell*, 434 F. App'x 805, 810 (11th Cir. 2011) (finding that the defendant did not establish
(Continued)

action and the records in his criminal case, the Court concludes that his claims are barred from proceeding in this action by the decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In *Heck*, a prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions that resulted in his conviction.  The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which had as a required element that the accused prove the termination of the prior criminal proceeding for the accused.  *Id.* at 484, 114 S.Ct. at 2371.  The *Heck* Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

---

standing to object to the search of the house inasmuch as the evidence showed that he was a mere guest), *petition for cert. filed,* ___ U.S.L.W. ___ (Jan. 24, 2012) (No. 11-8545)*; see United States v. Cossio,* 336 F. App'x 909, 912 (11th Cir. 2009) (finding the defendant did not have standing to challenge the search of the house because he did not prove that "he had 'an unrestricted right of occupancy or custody and control of the premises' that would create a legitimate expectation of privacy in the area of the house where the marijuana was discovered").  Accordingly, the Court will not discuss the search of the house further.

>    invalidity of his conviction or sentence; if it would, the complaint
>    must be dismissed unless the plaintiff can demonstrate that the
>    conviction or sentence has already been invalidated.  But if the
>    district court determines that the plaintiff's action, even if
>    successful, will *not* demonstrate the invalidity of any outstanding
>    criminal judgment against the plaintiff, the action should be
>    allowed to proceed (footnote omitted), in the absence of some
>    other bar to the suit (footnote omitted).

*Id.* at 486-87, 114 S.Ct. at 2372-73.

The *Heck* bar prevents claims from proceeding "'if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[,]' . . . . [or if the plaintiff ] "must negate 'an element of the offense of which has been convicted' in order to prevail." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Heck*, 512 U.S. at 487 & n.6, 114 S.Ct. at 2372 & n.6). "In order to determine whether such a negation would occur, [the court] must look at both 'the claims raised under § 1983' and 'the specific offenses for which the § 1983 claimant was convicted.'" *Weaver v. Geiger*, 294 F. App'x 529, at \*\*3 (11th Cir. 2008) (unpublished) (finding that the claim for an invalid basis for the search warrant amounted to an attack not permitted under *Heck* because the plaintiff was convicted of possession with intent to distribute which was based on the methadone that was uncovered during the search authorized by contested warrant).[7]

On the other hand, the decision in *Heck* does not necessarily bar a claim for an unlawful search.  *Heck,* 512 U.S. at 487 n.7, 114 S.Ct. at 2372 n.7; *Bell v. Hutsell*, No. 7:09-cv-152 (HL), 2011 WL 1230891, at \*2 (M.D. Ga. Mar. 30, 2011) (citing *Hughes,* 350 F.3d at 1160-61). "Because an illegal ... arrest may be followed by a valid conviction, ... a successful § 1983 action

---

[7] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction." *Hughes*, 350 F.3d at 1160.  But in order to recover compensatory damages on such a claim "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . ., which , we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)."  *Heck,* 512 U.S. at 487 n.7, 114 S.Ct. at 2373 n.7 (citation omitted).

In the amended complaint plaintiff maintains that he was convicted based on the complained of arrest, search of vehicle, and seizure.  (Doc. 15).  The records in plaintiff's criminal case support his allegations in that they show that the evidence for the charges and his resulting convictions for theft of mail and felon-in-possession of a firearm was obtained as a result of the complained of arrest and search and seizure.  The Factual Resume, which plaintiff entered with his guilty pleas, states that he is aware of the elements that the government must prove; that is, it must prove "that the mail matter described in the indictment was in a United States mail receptacle; and that the Defendant did knowingly and willfully steal, take or abstract such mail matter, as charged" and "that the defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and that before the defendant possessed the firearm the defendant had been convicted in court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense."  (Doc. 34 at 13).   Then, in the Offense Conduct statement plaintiff admitted that his "statement is true and correct and constitutes evidence in this case" and proceeded to describe his conduct that supported his guilty pleas.  (*Id.* at 14).

> I was found in possession of stolen mail on December 3, 2008, which resulted from a surveillance conducted on a residence located at 4630 Wellborn Woods Drive in Eight Mile, Alabama.  Officers observed several individuals exit the residen[ce] and load bags into a 2001 Lincoln Continental.  I along with my co-defendant Mrhea Wilson entered and started the car but [we] were

> later stopped by officers. Two envelopes containing approximately 64 business checks and one deposit slip fell from my lap while I attempted to flee. Officers later recovered the envelopes that were in my possession. In addition, I knowingly possessed a firearm on said date, namely a Taurus, .38 caliber revolver, serial number 558035, after having been convicted of a felony, Grand Theft 3rd Degree, and agree and stipulate that the firearm did affect commerce.
>
> At all relevant times, I acted knowingly and with intent to violate the law.

(*Id.*).

Thus, it appears from plaintiff's allegations, which are sparse, that if the Court was to rule favorably on his illegal arrest claim, the ruling would invalidate his convictions. Similarly, if the Court was to rule favorably on his claims for an illegal search of the car and for an illegal seizure of evidence, the ruling would likewise invalidate his convictions. *See Weaver,* 294 F. App'x 529, at *2 ("Where the fruit of the search is the substance on which the plaintiff's convictions is premised, however, *Heck* bars an illegal search claim.").

In order to proceed on the claims that would invalidate his convictions if the Court was to rule favorably on them, plaintiff must show that his convictions have been invalidated in a manner prescribed by *Heck*. Plaintiff has not done this and, based on this Court's records, he will not be able to make this showing at this time. The docket in plaintiff's criminal case shows that his convictions have not been invalidated. Plaintiff did not appeal his convictions and his § 2255 motion was denied by the district court, *United States v. McCarter,* CR 08-00387-WS-B (Doc. 102), the denial of which is on appeal. Furthermore, as of January 26, 2012, plaintiff indicates in this action that he is still in federal custody. (Doc. 127). Accordingly, plaintiff's claims for an illegal arrest, search, and seizure are due to be dismissed with prejudice as frivolous. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (dismissing with prejudice the claims that are barred by *Heck*).

**B. Application of the Statute of Limitations.**

If plaintiff's claims for false arrest and illegal search and seizure are not barred by *Heck*, the statute of limitations serves as an alternate basis for the dismissal of these claims.  *See Heck*, 512 U.S. at 487 & n.7, 114 S.Ct. at 2372-73 & n.7 (recognizing situations where a favorable ruling on a claim based on an unreasonable search and seizure may not invalidate an outstanding criminal conviction).  The statute of limitations in Alabama for a § 1983 claim is two years. *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917(1992); ALA. CODE § 6-2-38(l).  The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)).  Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured.  *Calhoun*, 705 F.2d at 424; *Rubin*, 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131.  Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury.  *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Regarding plaintiff's claim for a false arrest, the definition of a false arrest claim and its accrual were addressed in *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), when the Court held:

> False arrest and false imprisonment overlap; the former is a species of the latter . . . . We shall thus refer to the two torts together as false imprisonment.  That tort provides the proper analogy to the cause of action asserted against the present respondents for the following reason: The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . .

11

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*-when, for example, he is bound over by a magistrate or arraigned on charges. . . .
>
> If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.

*Id.* at 388-90, 127 S.Ct. at 1095-96.

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. *Id.* at 388, 127 S.Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when plaintiff can file suit and obtain relief." *Id.* [brackets in original] (citations and quotation marks omitted).

The holding in *Wallace* is relied on for the proposition that a false arrest claim that is not barred by *Heck* accrues when the plaintiff's detention is the result of legal process. *Id* at 389, 127 S.Ct. at 1096*; see Jones v. Union City*, No. 10-15085, 2011 WL 5600566, at *1 (11th Cir. Nov. 18, 2011) (unpublished) (a § 1983 false arrest claim "where arrest is followed by criminal proceedings[] accrue[s] when the claimant is detained pursuant to a legal process"). The docket in plaintiff's criminal case, *United States v. McCarter,* 08-00387-WS-B, shows that plaintiff had an initial appearance before a magistrate judge on December 30, 2008, which resulted in plaintiff's "temporary detention." (Doc. 9) After plaintiff was arraigned on January 7, 2009 before a magistrate judge (Doc. 14), a superseding indictment was issued on January 29, 2009 (Doc. 21). Then, plaintiff was arraigned on the superseding indictment on February 5, 2009 before a magistrate judge. (Doc. 26). Thus, at the very latest, as of February 5, 2009 plaintiff was no longer being held without legal process, and at that time plaintiff's false arrest claim accrued.

The two-year statute of limitations began to run on February 5, 2009, when plaintiff's cause of action for a false arrest was completed. However, plaintiff signed his original complaint on March 16, 2011, and the complaint's envelope reflects a postmark of the 17th.[8] (Doc. 1). The Court is treating the date of March 16, 2011 as the date of the complaint's filing inasmuch as a prisoner's complaint is deemed to be filed when he gives the complaint prison officials. *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (a prisoner's pleading is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (extending *Houston* to § 1983 actions filed by *pro se* prisoners). Thus, plaintiff filed this action beyond two years from when his false arrest claim accrued. Accordingly, a false arrest claim that is not barred by *Heck* is barred by the two-year statute of limitations and is due to be dismissed with prejudice.

In regard to plaintiff's claims for the search of the vehicle and the seizure of evidence, if they are not barred by *Heck,* they accrued when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax,* 817 F.2d at 716 (citations and internal quotation marks omitted); *see McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir.), *cert. denied,* 553 U.S. 1098 (2008); *accord Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 588 (11th Cir. 1990) ("It is well established that a federal claim accrues when the prospective plaintiff 'knows or has reason to know of the injury which is the basis of the action.'").

Plaintiff, who was present for the search of the vehicle and the seizure of evidence, knew of the facts to support his claims immediately after the search and the seizure on December 3,

---

[8] Plaintiff's motion to proceed without prepayment of fees was also signed on March 16, 2011, and the institutional officer signed the motion's certificate on March 16, 2011. (Doc. 2).

2008.  However, he did not file the present complaint until March 16, 2011, which is well beyond two years from December 3, 2008.  Accordingly, plaintiff's claims based on the search of the vehicle and the seizure of evidence that are not barred by *Heck* are barred by the two-year statute of limitations.  *See Hafez v. Madison,* 348 F. App'x 465, 467 (11th Cir. 2009) (unpublished) (finding that the facts giving rise to the plaintiff's claims for pre-arrest searches and for the prosecutor giving false information to immigration officials should have been apparent to him and thus the statute of limitations barred these claims).[9]  These claims are therefore subject to dismissal with prejudice as frivolous.  *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous)*; cf. Bock,* 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

### C.  Request for Declaratory Relief.

In addition to his request for damages, plaintiff made a simple, unadorned request for declaratory relief.  (Doc. 15 at 11).  With no explanation being provided by plaintiff, the Court deduces that he would like the complained of acts to be declared unconstitutional.  In regard to those damages claims that are barred by the decision in *Heck*, the Court is likewise precluded from addressing those claims with respect to declaratory relief.  A favorable ruling by the Court on those claims would have the effect of invalidating plaintiff's convictions.  Thus, these claims for declaratory relief are not recognized under § 1983 at this time.  *See Edwards v. Balisok,* 520

---

[9] The reasoning for the statute-of-limitations bar as it concerns the search of the vehicle and the seizure of evidence is also applicable to the search of the house and any seizure of evidence from it if permission had not been given.

U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997) (finding, based on the decision in *Heck*, that a prisoner's claims for damages and declaratory relief were not recognized under § 1983 until his good-time credits lost in a disciplinary proceeding were restored because a favorable ruling on the claims would have effect of invalidating the disciplinary proceeding); *Wilkinson v. Dotson,* 544 U.S. 74, 82-83, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) (finding "*Balisok* applied *Heck*'s standard and addressed claims seeking not only damages, but also a separate declaration that the State's procedures were unlawful" and that regardless of the relief sought, damages or a declaratory judgment, if success would demonstrate the invalidity of the conviction, sentence, or duration, then the § 1983 action is barred until invalidation is shown); *Esensoy v. McMillan,* No. 06-12580, 2007 WL 257342, at *2 n.6 (11th Cir. Jan. 31, 2007) (relying on the decision in *Heck* as interpreted by the *Wilkinson* Court to affirm the dismissal of a prisoner's § 1983 action challenging his conviction and seeking declaratory and injunctive relief), *cert. denied,* 552 U.S. 1097 (2008). Concerning the damages claims that are not barred by *Heck* but which are barred by the statute of limitations, declaratory relief in regard to these claims is barred by the two-year statute of limitations. *Lufkin, supra.* Accordingly, plaintiff's request for declaratory relief fails to state a claim upon which relief can be granted.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.[10]

---

[10] In light of the reasons given for dismissing this action, the Court has elected not to address whether the allegations for false arrest, illegal search of the vehicle, and illegal seizure present a plausible claim. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009) ("[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face."). The Court observes that official documents attached to plaintiff's pleadings in this action and the records in plaintiff's criminal case reflect facts for which no
(Continued)

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 17th day of February, 2012.

>  s/WILLIAM E. CASSADY_____
>  UNITED STATES MAGISTRATE JUDGE

---

explanation was given in plaintiff's allegations, the majority of which are legal conclusions, e.g., without probable cause. *See Wright v. Dodd,* ___F.3d __, 2011 WL 3611972, at *1 (11th Cir. Aug. 18, 2011) (unpublished) (affirming the district court's *sua sponte* dismissal for failure to state a false arrest claim when "the complaint allege[d] in conclusory fashion that the police arrested Wright without a warrant, but d[id] not allege any facts showing that the police lacked probable cause to arrest him").

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

_____
UNITED STATES MAGISTRATE JUDGE

---

[11] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).